IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**ERIC DE'JAUN JONES**                                                                 **PETITIONER**

V.                                                                                      2:16-cv-23-KS-JCG

**CITY OF PRENTISS,**
**CHIEF JOE BULLOCK, and**
**MISSISSIPPI DEPARTMENT OF**                                                           **RESPONDENTS**
**HUMAN SERVICES**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), filed by Petitioner Eric De'Jaun Jones, and a "Motion to Stay Conviction and Sentence Enforcement of Respondents Pursuant to FRCP Rule 62 and for FRCP Rule 57 Declaratory Judgment" (ECF No. 10), also filed by Jones. Respondents have filed a Motion to Dismiss (ECF No. 8). The undersigned United States Magistrate Judge recommends that Respondents' Motion to Dismiss (ECF No. 8) be granted, Jones' Motion denied, and Jones' Petition dismissed with prejudice because his claims are procedurally defaulted.

BACKGROUND

On December 18, 2015, Jones was convicted of simple assault in the Municipal Court of Prentiss, Mississippi. (ECF No. 8-1). Jones was ordered to pay a fine of $175.00 and assessments of $124.25 within thirty days of the order. *Id.* at 4. Jones was further sentenced to serve sixty days in the Jefferson Davis County Jail, said jail time being suspended upon compliance, with six months of non-reporting probation. *Id.* Jones did not appeal his conviction or sentence.

Jones' Petition challenges his conviction and sentence for simple assault. Petitioner references multiple arrests and several prior habeas and civil rights actions in his filings, but the grounds applicable to the simple assault conviction appear to be:

Ground One: Jones was arrested without a warrant, and the affidavit was improperly amended.

Ground Two: Jones was improperly convicted and sentenced because Jones' mother is guilty of the simple assault, the judge was biased, and the judge used handwritten notes rather than a court reporter.

Ground Three: Law enforcement is suppressing or refusing to investigate exculpatory and mitigating evidence.

Ground Four: Unknown officials are "stagging" encounters to provoke Jones. These officials may be involved in the Ku Klux Klan and conspiring to cause harm to Jones.

Ground Five: Jones was denied an opportunity to appeal because the Circuit Clerk required him to pay a $300.00 filing fee, which he could not afford.

In his prayer for relief, Jones states that he is seeking to have the Court enjoin the City of Prentiss, Mississippi, from the following practices (as stated verbatim by Jones):

> The bare and general affidavit without true under oath and necessary underlying facts and circumstances in support of an affidavit where seizures are premised upon warrantless arrests be discontinued permanently, and this conviction and sentence derived thereupon be consistent with *Hecks* be reversed, expunged by executive or court order, declared invalid or called into question by this writ;
>
> Likewise the "court-hand-written minutes of trial" be

> discontinued and time be established for said municipal to report to this Court when such court reporters shall be available and what procedure will temporarily be implemented and further consistent with *Hecks*, the conviction and sentence reversed;
>
> And the final practice of "full wager of municipal fines to appeal the Circuit Court" be discontinued invalidating again consistent with *Hecks* upon denial of at least one meaningful level of appeal from municipal *in forma pauperis*, if such status of indigency is necessary to acquire that one level fundamentally acquired.

(ECF No. 5, at 10-11).

## DISCUSSION

28 U.S.C. § 2254 states in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

To the extent that Jones is seeking an injunction against the City of Prentiss or is seeking relief on any previous convictions other than the conviction and sentence for simple assault, Jones has failed to state a claim upon which relief may be granted because with regard to these allegations, he is not alleging that he is in custody in violation of the Constitution, laws, or treaties of the United States.

To the extent that Jones is challenging his conviction for simple assault, Jones' claims are procedurally defaulted because he did not appeal his conviction or

sentence. Under Rule 12.02(A)(1) of the Uniform Rules of Circuit and County Court Practice, Jones had thirty days within which to appeal his conviction and sentence from the Municipal Court of Prentiss, Mississippi. Jones alleges that he attempted to appeal but was unable to pay the filing fee. However, Jones has not stated nor presented any evidence regarding whether he sought to appeal *in forma pauperis*. Rule 5.04 of the Uniform Rules of Circuit and County Court Practice provide that "[t]he appellant may proceed *in forma pauperis* upon written approval of the court acting as the appellate court."

"Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *see also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009). Petitioners must give state court systems the full opportunity to resolve federal constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Generally, petitioners must present their claims before the state's highest court in a procedurally proper manner. *Id.*

The time for Jones to appeal his conviction and sentence has long expired. A

return to state court would be fruitless, and Jones has procedurally defaulted his claims for purposes of federal habeas review. *See Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

A federal court "may resurrect a defaulted claim, and consider its merits" under two narrow exceptions: cause and actual prejudice or miscarriage of justice. *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005). A petitioner may show cause by demonstrating that something "external to the petitioner, something that cannot be fairly attributed to him," prevented him from complying with the state procedural rules. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991). Jones' failure to seek *in forma pauperis* status on appeal is not something "external to the petitioner." Because Jones has failed to demonstrate cause, the Court need not question whether there is actual prejudice. *Coleman,* 501 U.S. at 753; *see Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996) (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)).

Nor does the Court find that failure to address Jones' claims would result in a miscarriage of justice. In "rare" and "extraordinary case[s]," a federal habeas petitioner may overcome a procedural default in state court by demonstrating a "fundamental miscarriage of justice." *Schlup v. Delo,* 513 U.S. 298, 321 (1995). To do

5

so, a petitioner must "establish through new and reliable evidence that it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Woodfox v. Cain,* 609 F.3d 774, 794 (5th Cir. 2010). Jones has offered no evidence that could not have been presented to the municipal court. Without any evidence to show that Jones meets the miscarriage of justice exception, the undersigned finds it inapplicable. For these reasons, Jones' Petition should be dismissed.

## III. RECOMMENDATION

It is recommended that Respondents' Motion to Dismiss (ECF No. 8) be granted, Jones' "Motion to Stay Conviction and Sentence Enforcement of Respondents Pursuant to FRCP Rule 62 and for FRCP Rule 57 Declaratory Judgment" (ECF No. 10) be denied, and Jones' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus be dismissed with prejudice as procedurally defaulted.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); see 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 2nd day of February, 2017.

                                              *s/ John C. Gargiulo*
                                              JOHN C. GARGIULO
                                              UNITED STATES MAGISTRATE JUDGE