IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERIC DE'JAUN JONES                                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO.  2:16-cv-23- KS-JCG

CITY OF PRENTISS, CHIEF JOE BULLOCK,
and MISSISSIPPI DEPARTMENT OF HUMAN
SERVICES                                                                              RESPONDENT

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE ETC.

This cause is before the Court on Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 [1], filed by Eric De'Jaun Jones (Petitioner) and a "Motion to Stay Conviction and Sentence Enforcement of Respondents pursuant to F.R.C.P. Rule 62 and for F.R.C.P. Rule 57 Declaratory Judgment". [10] and on Motion to Dismiss [8] filed by Respondents. The Court has considered the Report and Recommendation [11] of Magistrate Judge John C. Gargiulo along with the above described documents and the record herein and finds that the Motion to Dismiss [8] should be Granted and the Motion to Stay Conviction and Sentence Enforcement of Respondents pursuant to F.R.C.P. Rule 62 and F.R.C.P. Rule 57 Declaratory Judgment [10] be Denied and that Jones' 28 U.S.C. §2254 Petition for Writ of Habeas Corpus be Dismissed with Prejudice as procedurally defaulted.

I.  PROCEDURAL HISTORY

On December 18, 2015, Jones was convicted of simple assault in the Municipal Court of Prentiss, Mississippi (8-1). He was ordered to pay a fine of $175.00 and assessments of $125.25 within 30 days of the Order and was further sentenced to serve 60 days in the Jefferson Davis

1

County jail which was suspended upon compliance and with 6 months of non-reporting Probation. Jones did not appeal his conviction or sentence. In the instant Petition Jones challenges his conviction and sentence for simple assault. Judge Gargiulo gleaned from his Petition the five grounds applicable to the simple assault conviction and they are as follows:

Ground One: Jones was arrested without a warrant, and the affidavit was Improperly amended.

Ground Two: Jones was improperly convicted and sentenced because Jones' mother is guilty of the simple assault, the judge was biased, and the judge used handwritten notes rather than a court reporter.

Ground Three: Law enforcement is suppressing or refusing to investigate Exculpatory and mitigating evidence.

Ground Four: Unknown officials are "stagging" encounters to provoke Jones. These officials may be involved in in the Ku Klux Klan and Conspiring to cause harm to Jones.

Ground Five: Jones was denied an opportunity to appeal because the Circuit Clerk required him to pay a $300.00 filing fee, which he could not afford.

Jones filed an Objection to the Report and Recommendation [15] which the Court is also considering.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v.*

*Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III.  PETITIONER'S OBJECTIONS AND ANALYSIS

In his Objection Petitioner rambles through a number of issues including failure to train, arrest without a warrant, trial *de novo*, in forma pauperis status and other issues that could not be read by the Court. However, he does not address the issue of procedural default. He also does not address the fact that he is no longer in custody and fails to state a claim upon which relief may be granted. As to his simple assault conviction, his claims are procedurally defaulted because he did not appeal his conviction and a return to the State Court would be fruitless since he has procedurally defaulted his claims for purposes of Federal Habeas review. The Court finds that he does not meet any of the criteria for the two narrow exceptions, cause and actual prejudice or miscarriage of justice, and the Court finds that the Petition is without merit and should be Dismissed.

### IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Jones' objections lack merit and should be overruled. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts,

approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge John C. Gargiulo's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Eric De'Jaun Jones' claim is DISMISSED WITH PREJUDICE  Also the Motion to Stay Conviction, etc. [10] should be DENIED and Petitioner's second Motion to Stay Conviction [13] also should be DENIED.

SO ORDERED this the ___10th___ day of March, 2017.

           ___s/Keith Starrett_____
           UNITED STATES DISTRICT JUDGE